UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RICHARD L. DAVIS                              CIVIL ACTION NO. 14-cv-2364

VERSUS                                             JUDGE FOOTE

N. BURL CAIN                                 MAGISTRATE JUDGE HORNSBY

# JUDGMENT

Before the Court is the Report and Recommendation of the Magistrate Judge. [Record Document 21]. The Court concurs with the findings of the Magistrate Judge, but writes separately to address Plaintiff's objections.

Plaintiff describes several incidents in 2011 that he contends justify applying equitable tolling. [Record Documents 22 and 23]. After the United States Supreme Court denied a writ of certiorari in his direct appeal on January 10, 2011, Plaintiff's assigned inmate counsel waited two-and-a-half months to inform Plaintiff that he was withdrawing from Plaintiff's case. [Record Document 23 at 2]. It took two weeks for a replacement to be appointed. *Id.* Thirty days later, the replacement quit, citing insufficient experience. *Id.* Four weeks later, a third inmate counsel was appointed. *Id.* At some time after this appointment, the Louisiana State Penitentiary ("LSP") was evacuated for 60 days due to the rising floodwaters of the Mississippi River. *Id.* Although Plaintiff does not indicate particular dates for the evacuation, another case describes the evacuation as beginning on May 9, 2011 and ending on June 20,

2011. *Jackson v. Cain*, No. 3:12-cv-00767, 2014 WL 4678808, at *3 (M.D. La. Sept. 19, 2014). On December 27, 2011, Plaintiff finally filed his application for state post-conviction relief.

Taking Plaintiff's recollection of the relevant time periods to be true, he had returned to the LSP following the evacuation by early July 2011 at the latest; at that time he had inmate counsel assigned to him. He did not file his state post-conviction relief application until late December. This delay does not demonstrate diligence. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (requiring that a habeas petitioner have been "pursuing his rights diligently" in order to be entitled to equitable tolling).

Other federal courts have considered whether the 2011 evacuation of the LSP warrants the application of equitable tolling and have concluded, in general, that it does not. *See Archield v. Warden, Louisiana State Penitentiary*, No. 2:14-cv-605, 2015 WL 5546820 (W.D. La. Aug. 27, 2015) (finding that the one-year limitations period beginning during the LSP evacuation warranted neither statutory nor equitable tolling), *adopted*, 2015 WL 5559907 (W.D. La. Sept. 18, 2015), *certificate of appealability denied sub nom. Archield v. Vannoy* (Nov. 3, 2016); *Logan v. Cain*, No. 3:12-cv-3030, 2013 WL 2471970 (W.D. La. June 7, 2013) (finding that evacuation occurring within the one-year limitations period warranted neither statutory nor equitable tolling); *Smith v. Cain*, Civ. No. 11-2924, 2012 WL 1398503 (E.D. La. Mar. 27, 2012) (finding that evacuation beginning on the final day of the one-year

limitations period did not warrant equitable tolling), *adopted*, 2012 WL 1405861 (E.D. La. Apr. 18, 2012). Tolling has been allowed only when a petitioner's window for seeking review with the Louisiana Supreme Court began during the evacuation period and ended two days after the petitioner returned to the LSP. *Jackson*, 2014 WL 4678808, at *3.

The LSP evacuation fell in the middle of Plaintiff's one-year limitations period and ended at least five months before he filed his state post-conviction relief application. Therefore, the Court finds that the evacuation does not warrant equitable tolling as it did not prevent him from using the remainder of his time to promptly file a state post-conviction relief application. Similarly, the unavailability of inmate counsel does not warrant equitable tolling. *See Smith*, 2012 WL 1398503, at *3.

Therefore, for the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein as well as the additional reasons given above, and having thoroughly reviewed the record, including the written objections filed, and concurring with the findings of the Magistrate Judge under the applicable law;

**IT IS ORDERED** that the petition for writ of habeas corpus is **denied as untimely**.

Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. The court, after considering the record in this case and the standard set forth in 28 U.S.C. Section 2253, denies a certificate of appealability. Jurists of reason would not find it debatable whether the petition states a valid claim of the denial of

limitations period did not warrant equitable tolling), *adopted*, 2012 WL 1405861 (E.D. La. Apr. 18, 2012). Tolling has been allowed only when a petitioner's window for seeking review with the Louisiana Supreme Court began during the evacuation period and ended two days after the petitioner returned to the LSP. *Jackson*, 2014 WL 4678808, at *3.

The LSP evacuation fell in the middle of Plaintiff's one-year limitations period and ended at least five months before he filed his state post-conviction relief application. Therefore, the Court finds that the evacuation does not warrant equitable tolling as it did not prevent him from using the remainder of his time to promptly file a state post-conviction relief application. Similarly, the unavailability of inmate counsel does not warrant equitable tolling. *See Smith*, 2012 WL 1398503, at *3.

Therefore, for the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein as well as the additional reasons given above, and having thoroughly reviewed the record, including the written objections filed, and concurring with the findings of the Magistrate Judge under the applicable law;

**IT IS ORDERED** that the petition for writ of habeas corpus is **denied as untimely**.

Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. The court, after considering the record in this case and the standard set forth in 28 U.S.C. Section 2253, denies a certificate of appealability. Jurists of reason would not find it debatable whether the petition states a valid claim of the denial of

a constitutional right and whether this court was correct in its procedural ruling. *See Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 26th day of September, 2017.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE